UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
EDWARD R. L. ALEXANDER,

                     Plaintiff,

  -v.-                                                          9:04-CV-1298
                                                                      (LEK/GJD)

W. WHITNEY, Correctional Officer,
Auburn Correctional Facility;
SGT. JOHN DOE, Auburn Correctional
Facility; RICHARD LAUX, Physician
Assistant, Auburn Correctional Facility;
CRAIG GUMMERSON, Captain, Auburn
Correctional Facility,

                     Defendants.
-------------------------------------------------------
APPEARANCES:

EDWARD ALEXANDER
Plaintiff, *pro se*
99-A-4752

HON. ELIOT SPITZER                          BRIDGET ERIN HOLOHAN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE


## **ORDER**

      The Clerk has sent to the Court a Motion to Amend the Complaint (Dkt. No. 30)

and a Motion for Protection (Dkt. No. 31) filed by Edward Alexander ("Plaintiff" or

"Alexander").  Defendants have opposed both Motions (Dkt. Nos. 32 and 35).

### **I.  Background**

      By way of background, this action was filed on November 9, 2004.  The

Complaint was ordered served on November 16, 2004.  See November 2004 Order

(Dkt. No. 4). Defendants' Answer was filed on June 8, 2005. Answer (Dkt. No. 17). On May 31, 2006, Magistrate Judge DiBianco issued an Order that extended the nondispositive motion filing deadline to July 3, 2006 for the sole purpose of permitting Plaintiff to identify and name the John Doe Defendant who was named in the original Complaint. See May 2006 Order (Dkt. No. 29). Thereafter, on June 9, 2006, Plaintiff filed the Motion to Amend that is pending before this Court. Motion to Amend (Dkt. No. 30). On June 23, 2006, Plaintiff filed his Motion for Protection. See Motion for Protection (Dkt. No. 31). Defendants filed their opposition to the Motion to Amend on July 10, 2006. Defts' Opp. to Amend. (Dkt No. 32). On August 3, 2006 Defendants filed the opposition to Plaintiff's Motion for Protection. Defts' Opp. to Protect. (Dkt. No. 35). On August 15, 2006, Judge DiBianco stayed the pretrial deadlines pending resolution of the Motion to Amend. See August 2006 Order (Dkt. No. 37).

## II. Motion to Amend

A Motion to Amend a pleading is governed by Rule 15 of the *Federal Rules of Civil Procedure*. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3rd 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should... be "freely given."

Foman, 371 U.S. at 182.

Annexed to Plaintiff's Motion to Amend is a proposed Amended Complaint. A

2

review of that document reveals that it sets forth the identical factual allegations as were set forth in the original Complaint. The only difference is that "Sergeant Mitchell" has now been named in place of "John Doe." Thus, Plaintiff does not attempt to expand the factual allegations or claims asserted in this action.

Defendants oppose this Motion alleging Plaintiff's failure to seek extension of the pretrial deadlines, and also alleging undue delay. However, as noted above, the Court granted Plaintiff an extension to July 3, 2006 for the sole purpose of identifying the John Doe Defendant and filing a Motion to add the individual to this action. See May 2006 Order (Dkt. No. 29). With respect to the issue of delay, the Court notes that Defendants did not respond to Plaintiff's discovery demands that were directed at uncovering the identify of the Doe Defendant until November 2005, after Plaintiff attempted to bring a Motion to Compel. That response was partial, according to counsel's letter dated November 9, 2005. See Defts' Opp. to Amend. (Dkt. No. 32, Ex. C). It is not clear from either set of motion papers when this discovery demand was fully complied with by Defendants. Regardless, this does not appear to be a case of undue delay, nor is there any indication of dilatory conduct on behalf of Plaintiff.[1] The Court is also strained to find the prejudice that Defendants attempt to argue in light of the fact that the factual allegations and legal claims have not changed since the filing of the Original Complaint. Such an argument would be more persuasive if Plaintiff was attempting to introduce new facts and/or claims to this action.

Accordingly, Plaintiff's Motion to Amend the Complaint will be granted.

---

[1] Defendants argue that Plaintiff was dilatory in not serving his first discovery demands until September 6, 2005, but neglect to observe that they did not file an Answer in this action until June 8, 2005.

### III.  Motion for Protection

The standard a Court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief."  Id. at 77 (affirming district court's denial of inmate's request for preliminary injunction).  See also Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge DiBianco that denied inmate's request for injunctive relief).

Plaintiff seeks an Order directing that he be moved from Auburn Correctional Facility to a facility located within the Southern District of New York.  See Motion for Protection (Dkt. No. 31).  The basis for the relief are allegations of Defendants having repeatedly retaliated against the Plaintiff in unspecified ways, repeated denial of Plaintiff's meals, verbal harassment and threats, a June 2, 2006 attack on Plaintiff by Defendant Whitney, and denial of showers.  See id.  Other than the alleged incident with Whitney, Plaintiff has offered no indication, much less proof by way of affidavits or other documents, regarding the nature, frequency, or severity of the alleged incidents.

Defendants assert that Plaintiff has failed to make a showing of likelihood of success on the merits, or a showing of irreparable harm.  Defendants further argue that Plaintiff's conclusory allegations are insufficient for this Court to grant the extraordinary relief of a Preliminary Injunction.  Finally, Defendants direct the Court to a case wherein Plaintiff attempted to utilize the same mechanism to have himself moved out of Auburn in prior litigation.

The Court finds that Plaintiff has, in fact, wholly failed to demonstrate to the satisfaction of this Court the likelihood of his success on the merits or a sufficiently serious question going to the merits of such claims and a balance of hardships tipping decidedly towards him.  In light of his failure to establish either of the two requisite elements discussed above, Plaintiff's request for Preliminary Injunction must be denied.

### IV. Conclusion

WHEREFORE, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend the Complaint (Dkt. No. 30) is **GRANTED**.  The Amended Complaint, which shall supersede and replace *in toto* the Original Complaint filed herein, shall be filed by Plaintiff with the Court, if at all, **WITHIN THIRTY (30) DAYS** of the filing date of this Order[2]; and it is further

**ORDERED**, that Plaintiff serve a copy of such Amended Complaint on opposing counsel **within thirty (30) days** of the filing date of this Order; and it is further

**ORDERED**, that Plaintiff provide the Court with one (1) additional copy of his Amended Complaint and a completed USM-285 form for service on the newly identified Defendant to this action; and it is further

**ORDERED**, that upon the filing of the Amended Complaint, the Clerk shall update the Court's docket to reflect the replacement of the John Doe Defendant by a named Defendant, and issue an amended Summons naming the newly identified Defendant herein and forward it, along with a copy of the Amended Complaint, to the United States Marshal for service upon the newly identified Defendant; and it is further

---

[2] The proposed Amended Complaint submitted by Plaintiff along with the present Motion **shall not** be filed by the Clerk as the Amended Complaint herein.

**ORDERED**, that a formal response to Plaintiff's Amended Complaint be filed by Defendants or their counsel as provided for in the *Federal Rules of Civil Procedure*; and it is further

**ORDERED**, that Plaintiff's Motion for Protection (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that the dispostive motion filing deadline is **RE-SET** to **March 1, 2007**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties to this action.

**IT IS SO ORDERED**.

DATED:   November 27, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge